UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALAN MARKS et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 14-cv-10171-LTS |
| ANDERSEN WINDOWS, INC. et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PLAINTIFFS' MOTION FOR LEAVE OF COURT
TO CONDUCT JURISDICTIONAL DISCOVERY (DOC. NO. 36)

June 4, 2014

SOROKIN, C.M.J.

The plaintiffs, purporting to represent classes of similarly situated individuals from Massachusetts and Indiana, have sued two defendant corporations for breach of contract and related claims arising from alleged defects in windows installed in their homes. See generally Doc. No. 27. The defendants are Andersen Windows, Inc. ("AWI") and Andersen Corporation ("AC"). After the plaintiffs filed their amended complaint, the defendants moved to transfer the action to the District of Minnesota or to dismiss the action as to AC. Doc. No. 30. The motion is based on the defendants' assertion that Massachusetts is not a proper venue because one class of plaintiffs reside in Indiana (which, the defendants say, is where all events related to their claims unfolded), and AC is not subject to personal jurisdiction in Massachusetts. See generally Doc. No. 31.

In response to the defendants' motion, the plaintiffs sought leave of court to conduct jurisdictional discovery aimed at establishing AC is subject to suit in Massachusetts. Doc. No.

36. With their motion, the plaintiffs submitted thirty-one document requests and a deposition notice for a corporate designee of the defendants seeking information about twenty-nine enumerated areas. Doc. Nos. 36-1, 36-2. The plaintiffs' discovery motion, which the defendants have opposed, Doc. No. 41, is the subject of this Order. For the following reasons, the motion is ALLOWED IN PART.

I.      LEGAL STANDARDS

Venue lies for a civil action in: "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or "if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "[E]ach individual named plaintiff must satisfy the venue provision," Turnley v. Banc of Am. Inv. Servs., Inc., 576 F. Supp. 2d 204, 212 (D. Mass. 2008), and "venue must be proper as to every defendant," Stars for Art Prod. FZ, LLC v. Dandana, LLC, 806 F. Supp. 2d 437, 447 (D. Mass. 2011).

For these purposes, a corporation resides "in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). The personal jurisdiction analysis asks whether a corporate defendant has "minimum contacts" with the state, whether those contacts are "purposeful," and whether it is reasonable to exercise jurisdiction over the defendant. See Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 135 (1st Cir. 2006).

In the First Circuit, "a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." Sunview Condominium Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962, 964 (1st Cir. 1997); accord United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 625 (1st Cir. 2001). Whether to permit such jurisdictional discovery is within the broad discretion of the district court. Swiss Am. Bank, 274 F.3d at 626.

II.   DISCUSSION

Because this action includes claims by plaintiffs living in Indiana, for whom the relevant events occurred in Indiana, the plaintiffs cannot look to § 1391(b)(2) to establish venue in Massachusetts. Under either § 1391(b)(1) or (b)(3), the venue inquiry turns on an analysis of the residency of the defendant corporations. The parties agree that AWI is a resident of Massachusetts for these purposes, and that the plaintiffs' claims against AWI could proceed here. They dispute, however, whether AC has had sufficient contacts with Massachusetts to subject it to suit in Massachusetts.

According to the defendants, AC is a Minnesota corporation with no contacts in Massachusetts. See Doc. No. 31-1 (declaration of AC executive Chris Galvin regarding the nature and scope of AC's business ["the Galvin Declaration"]). It manufactures the windows at issue, but does so in Minnesota and sells them exclusively and directly to AWI in Minnesota. Id. at ¶ 6. AWI, the defendants say, is a "legally and operationally distinct" subsidiary which then markets and sells the windows beyond Minnesota. Id. at ¶¶ 7-8. The defendants deny that AC had any contact with the plaintiffs related to the pending claims. Id. at ¶ 11. The Galvin

3

Declaration avers that AWI responds to all customer information requests and conducts all customer service and warranty service, and that it does so without involvement from, and not on behalf of, AC. Id. at ¶¶ 9-10.

The plaintiffs challenge the defendants' characterization of AC's relevant operations based on a series of emails between plaintiff Marks (a Massachusetts resident) and individuals affiliated with one or both defendants with whom he discussed the alleged problems with his windows. See Doc. No. 36 at 4-5. Those emails formed the basis for allegations in the plaintiffs' amended complaint, see, e.g., Doc. No. 27 at ¶¶ 20-23 (alleging that Marks communicated with AC representatives), and they reflect email correspondence between Marks and individuals using the following email addresses: windowcareservice3@andersoncorp.com,[1] AWWindowCareService@AndersenCorp.com, and support@awcustomerservice.com, see Doc. Nos. 36-3, 36-4, 36-5, 36-6, 36-7. The messages contain signatures by "Dave," "Colleen, Andersen Windows Solution Center," and "Jon B., Customer Support Representative, Andersen WindowCare® Solution Center." See Doc. Nos. 36-5, 36-6, 36-7. Further, the "awcustomerservice.com" domain apparently is registered to AC. See Doc. No. 43-1. According to the plaintiffs, the use of these email addresses by individuals dealing with plaintiff Marks's warranty inquiries demonstrates AC's contacts with Massachusetts and involvement in the events underlying this suit, suggests AWI and AC do not operate entirely separately, and

---

[1] The plaintiffs have submitted two emails sent by Marks to this address, but no responsive emails from this address. See Doc. Nos. 36-3, 36-4. The Court notes that the corporation's name appears to be misspelled in the email address (i.e., Anderson vs. Andersen). Because the plaintiffs also have offered another email from an address with the domain name "AndersenCorp.com," see Doc. No. 36-5, questions regarding the validity of the first address do not substantially undermine the plaintiffs' position here.

4

undermines the statements contained in the Galvin Declaration.

After careful consideration, the Court concludes that the plaintiffs have offered at least some specific facts supporting more than "a tenuous theory of personal jurisdiction." Doc. No. 41 at 4.[2] The emails offered by the plaintiffs – including correspondence from individuals using one address that, on its face, appears linked to AC, and a second address registered to AC – raise a colorable question as to whether the clear division of operations described in the Gavin Declaration was, in fact, maintained with respect to the plaintiffs' claims here.[3] If, for example, employees or agents of AC communicated with plaintiff Marks in response to his warranty inquiries, such communications would be central to resolution of the personal jurisdiction issues raised by the defendants' pending transfer motion.[4] As such, the plaintiffs have established that they are entitled to "*a modicum* of jurisdictional discovery." Sunview Condominium Ass'n, 116

---

[2]In a footnote to their brief, the defendants summarily suggest the plaintiffs were not diligent in seeking the requested jurisdictional discovery. Doc. No. 41 at 2 n.1. They then "focus th[eir] memorandum on [plaintiffs'] failure" to demonstrate jurisdictional discovery is warranted here. Id. The Court is not inclined to deny the requested discovery based on lack of diligence where: (i) the plaintiffs sought the discovery within a few weeks of learning from the defendants of their intent to challenge venue/jurisdiction, and within several days of the defendants' formal motion to transfer; and (ii) the defendants have elected not to meaningfully brief this issue.

[3]The Galvin Declaration avers that the companies maintain separate websites, Doc. No. 31-1 at ¶ 9, but the defendants' brief suggests they utilize a common email domain (a fact about which the Gavin Declaration is silent), Doc. No. 41 at 11. Without further facts on this point, neither the Court nor the plaintiffs are in a position to evaluate whether the emails in the record evidence involvement by AC. The use of the "AndersenCorp.com" domain name, however, renders the plaintiffs' claim of involvement by AC at least "colorable," see Sunview Condominium Ass'n, 116 F.3d at 964, and warrants further inquiry.

[4]If, on the other hand, the defendants produce discovery responses showing the companies use a common domain name, but that all individuals who communicated with plaintiff Marks were AWI employees with no connection to AC, the plaintiffs' claim of jurisdiction over AC will be severely undermined.

5

F.3d at 964 (emphasis added).

The plaintiffs have not, however, demonstrated that the scope of the requests they wish to propound is reasonable or necessary in light of the emails, which are the only specific facts they have articulated in support of a finding of jurisdiction over AC. The questions raised by the emails do not warrant broad document requests such as those seeking "[a]ll documents . . . between [AC] and [AWI] relating to the design . . . of Class Windows" or "[a]ll documents . . . concerning the ownership or lease of the Andersen Logistics facility located in Fall River, Massachusetts."[5] Doc. No. 36-1 at 6. Nor do they call for the deposition of a corporate representative from Minnesota over whom the Court's jurisdiction remains in question. Accordingly, the Court will direct the defendants to produce to the plaintiffs tailored, limited discovery as set forth below.

III. CONCLUSION

For the foregoing reasons, the plaintiffs' request for leave to conduct jurisdictional discovery is ALLOWED IN PART. The defendants shall, within fourteen days, produce:

1) Documents and information about the individuals who corresponded with plaintiff Marks, whether by telephone or email, regarding his inquiries and complaints about the windows that are the subject of this lawsuit. Specifically, the name of each individual, the identity of his/her employer, his/her job title, the telephone

---

[5]Several of the plaintiffs' proposed document requests involve Andersen Logistics or Renewal by Andersen, entities which are not named in the amended complaint (as defendants or otherwise). The plaintiffs have not explained their relevance to the claims pending. Such requests are aimed at exploring areas beyond those reasonably in question based on the specific, relevant facts presented via the email correspondence, and they suggest the plaintiffs wish to embark on a "fishing expedition" for any contacts between AC and Massachusetts the plaintiffs speculate may exist. This they may not do.

6

number and/or email address used for the correspondence, and the date(s) of the correspondence.

2) Documents and information regarding the use and control of the "andersencorp.com" and "awcustomerservice.com" domain names by AWI and AC.

3) Documents and information about which company (or companies) controls and utilizes the following email addresses: windowcareservice3@andersoncorp.com, windowcareservice3@andersencorp.com, AWWindowCareService@AndersenCorp.com, and support@awcustomerservice.com.

4) Documents and information about which company (or companies) controls and administers the Andersen Windows Solution Center, the Andersen WindowCare® Solution Center, the Andersen Windows Customer Service Mailbox, and the Senior Technical Advisory Team.

Within fourteen days of receiving such discovery from the defendants, the plaintiffs shall file their response to the pending motion to transfer (doc. no. 30). If the plaintiffs believe the discovery produced provides good cause for further jurisdictional discovery, they shall file an appropriate motion within seven days of receipt of the discovery.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge